# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1641V

| | |
|---|---|
| NICOLE SCHAEFER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 10, 2025 |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 25, 2023, Nicole Schaefer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving a human papillomavirus ("HPV") vaccination on October 29, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 7, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $137,539.40, comprised of $132,500.00 for past pain and suffering and $5,039.40 for past unreimbursable expenses. Proffer at 5. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $137,539.40, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE SCHAEFER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-1641V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S RULE 4(c) REPORT
CONCEDING ENTITLEMENT TO COMPENSATION
AND PROFFER OF DAMAGES**

On September 25, 2023, Nicole Schaefer ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a human papillomavirus ("HPV") vaccination received on October 29, 2021. Petition at 1.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as his responsive report. Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in the case. Their opinion is that this case is appropriate for compensation under the terms of the Act.

1

## FACTUAL SUMMARY

I.    Pre-Vaccination History

Petitioner had a history of right-sided shoulder pain in 2018, but the medical records document that it had resolved nearly three years prior to her receipt of the vaccination at issue. Ex. 18 at 18-20.

II.    Vaccination

Petitioner was forty-one years old when she received the HPV vaccine in her right arm on October 29, 2021. Ex. 1 at 2.

III.    Onset

On October 30, 2021, one day post-vaccination, petitioner presented to an urgent care clinic and reported pain in her right shoulder. Ex. 13 at 7. Petitioner reported that she had received the HPV vaccine in her arm the day before and that she had felt pain when getting the injection. *Id.* Upon examination, petitioner demonstrated limited range of motion ("ROM"). *Id.* at 8. Petitioner was diagnosed with "[o]ther complications following infusion, transfusion and therapeutic injection." *Id.* She was prescribed Toradol and told to follow up with her primary care physician ("PCP"). *Id.*

IV.    Treatment

From November 8 to December 27, 2021, petitioner had three medical encounters regarding her right shoulder. Ex. 4 at 18, 20-22; Ex. 15 at 91-92. At her November 8, 2021 encounter, she had limited ROM on exam and was diagnosed with SIRVA. Ex. 15 at 91. She was prescribed gabapentin and diclofenac. *Id.* At her December 8, 2021 encounter, she had normal ROM on exam, though some tenderness. Ex. 4 at 21. X-rays were obtained of petitioner's shoulder that were unremarkable. *Id.* at 22. Petitioner received a steroid injection in

2

her right shoulder. *Id.* She was diagnosed with rotator cuff tendinosis and referred to physical therapy ("PT"). *Id.* On December 27, 2021, petitioner messaged her sport medicine doctor that her shoulder pain and ROM had improved, but she still had lingering pain. *Id.* at 18. She asked how long the steroid injection would last and if there was a plan to administer another in the future. *Id.* She also wrote that she was "in talking with a law office who [was] helping [her] navigated the federal reimbursement program" and that "[o]ne caveat is that the issue has to extend past 6 months" and wanted to know how much longer her sports medicine doctor anticipated her having issues. *Id.*

From December 27, 2021, to May 23, 2022, petitioner participated in eighteen PT sessions. Ex. 5 at 21-56; Ex. 8 at 11-14, 32-35. On May 23, her physical therapist recommended that she continue with PT. *Id.* at 23.

Because petitioner's shoulder pain persisted, she underwent an MRI on May 28, 2022. Ex. 4 at 9. The MRI revealed (1) a "low-grade partial thickness bursal sided tear involving the infraspinatus tendon and mild bursal sided fraying of the distal supraspinatus tendon," (2) "[i]ntraarticular tendinosis of the long head of the biceps tendon," and (3) "[i]ntact biceps labral anchor and normal labrum." *Id.* at 9-10. Petitioner's sports medicine physician diagnosed her with a partial rotator cuff tear, and that while the injury could be treated conservatively, if PT was not useful, it might be reasonable to see an orthopedic surgeon. Ex. 12 at 34.

Petitioner continued to treat conservatively until February 13, 2023. She engaged in seven more PT sessions, and, on June 14, 2022, received a steroid injection, the second of her clinical course. Ex. 5 at 61-73; Ex. 12 at 68.

On February 13, 2023, petitioner underwent right shoulder arthroscopy, lysis of adhesions and manipulation under anesthesia. Ex. 21 at 15.

3

From February 14 to May 25, 2023, petitioner engaged in twenty-nine PT sessions. Ex. 20 at 15-24; Ex. 23 at 7-21; Ex. 25 at 11-45.

After surgery, petitioner received a glenohumeral joint injection, the third injection of her clinical course, on March 19, 2023. Ex. 28 at 18. Her treating physician noted that her ROM was getting better with PT, and she was building strength with elevation, but PT had been painful. *Id.*

On April 27, 2023, petitioner had an encounter with her PCP ten weeks post-operation. Ex. 28 at 10-11. Her PCP felt that she was making "excellent progress." *Id.* She had begun doing yoga and pilates, though she was still having some pain. *Id.* Her ROM was much improved. *Id.*

Petitioner has not filed further records.

V.  Duration of injury

Petitioner received treatment for her shoulder injury through May 25, 2023, about a year and a half post-vaccination.

VI. Summary of treatment

Over the course of a year and a half, petitioner underwent the following treatment for her shoulder symptoms:

- Fifty-four sessions of PT [25 pre-surgery and 29 post-surgery];
- Three cortisone injections;
- Three prescriptions medications [Toradol, gabapentin, diclofenac];
- Surgery on February 13, 2023.

4

## ANALYSIS

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her right shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

## PROFFER

I.  Items of Compensation

   A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $132,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,039.40. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

II.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $137,539.40, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

**Summary of Recommended Payment[s] Following Judgment**

Lump sum to be paid through an ACH deposit
to petitioner's counsel's IOLTA account
for prompt disbursement to petitioner, Nicole Schaefer:                **$137,539.40**

### CONCLUSION

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a right-sided SIRVA occurring within the Table timeframe following petitioner's October 29, 2021 HPV vaccination, and that the court award $137,539.40 for all damages available under Section 15(a) of the Vaccine Act. This amount does not include reasonable attorneys' fees and litigation costs, which will be determined at a later date.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        MARY E. HOLMES
                        Trial Attorney
                        Torts Branch, Civil Division

                        <u>/s/ *Eleanor A. Hanson*</u>
                        ELEANOR A. HANSON
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146, Ben Franklin Station
                        Washington, DC 20044-0146
                        Tel:  (202) 305-1110
                        Eleanor.Hanson@usdoj.gov

Date:  February 7, 2025